UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HERMA ROBINSON,

        Plaintiff,

    v.

ZURICH AMERICAN INSURANCE COMPANY, and
JENNIFER ROBBIE aider and abettor,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 10-CIV-3926 (JFB) (KT)

**ANSWER AND OTHER DEFENSES TO COMPLAINT**

Defendant Jennifer Robbie (hereinafter "Robbie") , through its counsel, hereby answers Plaintiff Herma Robinson's (hereinafter "Robinson" or "Plaintiff") Complaint dated August 24, 2010 and served October 12, 2010 as follows:

To the extent that the introductory paragraph of the Complaint calls for a legal conclusion, no response is required.  Robbie denies the remaining allegations of this paragraph, except admits that Plaintiff purports to bring an action for discrimination and retaliation against Defendants.

1.    To the extent that paragraph 1 of the Complaint calls for a legal conclusion, no response is required.

2.    To the extent that paragraph 2 of the Complaint calls for a legal conclusion, no response is required.

## **PARTIES**

3.    Robbie admits the allegations contained in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to where Plaintiff resides.

4. Robbie admits the allegations contained in paragraph 4 of the Complaint.

5. Robbie denies the allegations contained in paragraph 5 of the Complaint, except admits that she was a team manager and that she was Plaintiff's immediate supervisor beginning in August 2007 until Plaintiff's termination from Zurich.

## ADMINISTRATIVE EXHAUSTION

6. Robbie denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff filed a complaint with the Equal Employment Opportunity Commission, which document speaks for itself and to which this Court is respectfully referred for its terms, conditions and limitations.

7. Robbie denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff filed a complaint with the Equal Employment Opportunity Commission, which document speaks for itself and to which this Court is respectfully referred for its terms, conditions and limitations.

8. Robbie denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Robbie admits the allegations contained in paragraph 9 of the Complaint.

10. Robbie admits the allegations contained in paragraph 10 of the Complaint.

11. Robbie denies the allegations contained in paragraph 11 of the Complaint.

12. Robbie denies the allegations contained in paragraph 12 of the Complaint.

13. Robbie denies the allegations contained in paragraph 13 of the Complaint, except admits that she became the team manager in 2007.

14. Robbie denies the allegations contained in paragraph 14 of the Complaint.

15. Robbie denies the allegations contained in paragraph 15 of the Complaint, except admits that Plaintiff was assigned to perform Construction Defect work and avers that other auditors were given such work as well and that no other member of Robbie's team had experience in performing Construction Defect work.

16. Robbie denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff, like other Zurich employees, was asked to prepare a development plan.

17. Robbie denies the allegations contained in paragraph 17 of the Complaint.

18. Robbie denies the allegations contained in paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged stress, anxiety and her allegation that she worked weekends. Answering further, Robbie admits that Ms. Robbie, Ms. Burris, Mr. Morales and Ms. Magrid are White and avers that the latter three individuals are older than 40 years of age.

19. Robbie denies the allegations contained in paragraph 19 of the Complaint.

20. Robbie denies the allegations contained in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's beliefs.

21. Robbie denies the allegations contained in paragraph 21 of the Complaint.

22. Robbie denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff was asked to the Connecticut Office to meet with her for Plaintiff's annual review and that the meeting lasted approximately 15 minutes because Plaintiff refused to engage in any dialogue with her and stormed out of the meeting and the building.

23. Robbie denies the allegations contained in paragraph 23 of the Complaint.

24. Robbie denies the allegations contained in paragraph 24 of the Complaint, except avers that Plaintiff was having computer issues and could not perform work on her computer for

one day as a result of which Robbie asked Plaintiff's colleagues if anyone could help with Plaintiff's work.

25. Robbie denies the allegations contained in paragraph 25 of the Complaint.

26. Robbie denies the allegations contained in paragraph 26 of the Complaint, except admits that Plaintiff's bonus for the 2007 calendar year was less than the bonus she had received the previous year.

27. Robbie denies the allegations contained in paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to her allegation that she received praise from unidentified personnel at Zurich.

28. Robbie denies the allegations contained in paragraph 28 of the Complaint, except admits that Plaintiff was offered a separation agreement on July 2, 2008 and avers that the agreement speaks for itself and respectfully refers this Court to such agreement for its terms, conditions and limitations.

29. Robbie denies the allegations contained in paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to what Plaintiff's doctor may have advised her and avers that Zurich received notice of a charge of discrimination which notice was dated July 28, 2008.

30. Robbie denies the allegations contained in paragraph 30 of the Complaint.

31. Robbie denies the allegations contained in paragraph 31 of the Complaint.

32. Robbie denies the allegations contained in paragraph 32 of the Complaint, except avers that Plaintiff's cases were reaudited as a result of her performance failings.

33. Robbie denies the allegations contained in paragraph 33 of the Complaint, except admits that Plaintiff was placed on probation on July 2, 2008.

34. Robbie denies the allegations contained in paragraph 34 of the Complaint, except admits that Plaintiff was terminated in August 2009.

35. Robbie denies the allegations contained in paragraph 35 of the Complaint..

36. Robbie denies the allegations contained in paragraph 36 of the Complaint.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

37. Robbie denies the allegations contained in paragraph 37 of the Complaint.

38. Robbie denies the allegations contained in paragraph 38 of the Complaint.

39. Robbie denies the allegations contained in paragraph 39 of the Complaint.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

40. To the extent that paragraph 40 of the Complaint is not directed to Defendant Robbie, no response is required.

41. To the extent that paragraph 41 of the Complaint is not directed to Defendant Robbie, no response is required.

42. To the extent that paragraph 42 of the Complaint is not directed to Defendant Robbie, no response is required.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

43. To the extent that paragraph 43 of the Complaint is not directed to Defendant Robbie, no response is required.

44. To the extent that paragraph 44 of the Complaint is not directed to Defendant Robbie, no response is required.

45. To the extent that paragraph 45 of the Complaint is not directed to Defendant Robbie, no response is required.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

46. Robbie denies the allegations contained in paragraph 46 of the Complaint..

12796568v.1

47. Robbie denies the allegations contained in paragraph 47 of the Complaint.

48. Robbie denies the allegations contained in paragraph 48 of the Complaint.

Robbie denies that Plaintiff is entitled to any of the relief set forth in her WHEREFORE Clause on page 10 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

49. Robbie, without assuming any burden of proof that it does not have as a matter of law, asserts the following affirmative and other defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

50. Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

51. Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damages.

## THIRD AFFIRMATIVE DEFENSE

52. Defendants did not discriminate against Plaintiff on the basis of race, color, age or any other basis, nor did Defendants retaliate against Plaintiff and when presented with any complaints, promptly and thoroughly investigated those complaints and, as appropriate, took prompt and effective remedial action in connection therewith.

## FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred because Defendants exercised reasonable care to prevent discrimination and retaliation and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Zurich, to cooperate fully in Zurich's process or to avoid harm otherwise.

**FIFTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred because her treatment at Zurich and her termination were based on reasonable factors other than age.

**SIXTH AFFIRMATIVE DEFENSE**

55. Plaintiff's section 1983 claims are barred as to Robbie since she works for a private employer.

WHEREFORE, Defendants pray that the Court enter a judgment:

1. dismissing the Complaint in its entirety on the merits;

2. granting to Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: October 29, 2010
New York, New York

By:  *s/Peter A. Walker*
Peter A. Walker
Lori M. Meyers
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500

*Attorneys for Defendant Robbie*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2010, I electronically filed the foregoing Answer and Other Defenses to Complaint with the clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> James Vagnini, Esq.
> Jesse Rose, Esq.
> Robert Valli, Jr., Esq.
> Valli Kane & Vagnini LLP
> 600 Old Country Road, Suite 519
> Garden City, NY 11530
>
> *Attorneys for Plaintiff*

> *s/ Peter A. Walker*
> Peter A. Walker

12796568v.1